1  Brent Dorian Brehm - State Bar No. 248983
    E-mail: bbrehm@kantorlaw.net
2  Glenn R. Kantor - State Bar No. 122643
    E-mail: gkantor@kantorlaw.net
3  KANTOR & KANTOR, LLP
   19839 Nordhoff Street
4  Northridge, CA 91324
   Telephone: (818) 886-2525
5  Facsimile:  (818) 350-6272

6  Attorney for Plaintiff,
   DIANA RUCKER
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | DIANA RUCKER,                      | CASE NO:
12 |        Plaintiff,                  | **COMPLAINT FOR:**
13 |    vs.                             | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS**
14 | LIFE INSURANCE COMPANY OF NORTH AMERICA; CBRE SERVICES, INC.; and CBRE GROUP INSURANCE PLAN, |
17 |        Defendants.                 |

18

19     The Plaintiff, Diana Rucker, by and through the undersigned counsel, files

20 this Complaint against CBRE Services, Inc. (hereinafter "CBRE"), CBRE Group

21 Insurance Plan (hereinafter "the Life Plan"), and Life Insurance Company of North

22 America (hereinafter "LINA").

23                        **PRELIMINARY ALLEGATIONS**

24     1.    This action arises under the Employee Retirement Income Security Act

25 of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction over this case

26 pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United

27 States.  Specifically, Diana Rucker brings this action to enforce her rights under

28 ERISA as authorized by 29 U.S.C. §1332(a)(1)(B) and §1132(a)(3).

1. The Plaintiff, Diana Rucker, has at all times material hereto, been a citizen of Letart, West Virginia.

2. Plaintiff is informed and believes that Defendant, CBRE, is a California Corporation headquartered in Los Angeles. Therefore, pursuant to 29 U.S.C. §1332(e)(2), venue is proper in this judicial district.

3. The Life Plan is an employee benefit plan that provides life insurance proceeds in the event of the plan participant's death. Defendant LINA both insures and administers the Life Plan.

4. LINA issued the Life Plan, group Policy number FLX980247, to CBRE Services, Inc. for the benefit of its employees. Plaintiff's deceased husband, Michael Rucker, was a participant employee under the Life Plan, and Plaintiff was the named beneficiary entitled to life insurance proceeds under the Life Plan in the event of her husband's death.

5. The Life Plan is a group term life insurance employee benefit plan that provides CBRE employees with basic and supplemental life insurance coverage, which pays proceeds to their named beneficiaries in the event of death.

6. The Life Plan is comprised of basic and supplemental components, which combined, promised to pay Plaintiff, as the named beneficiary under Michael Rucker's basic and supplemental life insurance policies, a total of $170,000 in basic and supplemental group term life insurance benefits.

## FACTUAL ALLEGATIONS

**A.   Information about Mr. Rucker's enrollment in the Life Plan.**

7. At all times relevant, Plaintiff's now deceased husband, Michael Rucker, was employed by CBRE as a Maintenance Technician. He started working for CBRE in 2007.

8. As a benefit of his employment with CBRE, Mr. Rucker was afforded the opportunity to elect group Basic and Supplemental term life insurance benefits.

1  Mr. Rucker availed himself of said right, and designated Plaintiff as the beneficiary
2  of his basic and supplemental life insurance benefits.
3       9.   By virtue of his employment, in 2012, Mr. Rucker became insured
4  under CBRE's Group Term Life Insurance Policy, policy number FLX980247,
5  insured and administered by LINA.
6       10.  Plaintiff, Diana Rucker, was the named beneficiary under Mr. Rucker's
7  life insurance benefits. Pursuant to the terms of the Life Plan, LINA promised to pay
8  Plaintiff, as the named beneficiary under Mr. Rucker's life insurance policy, a total
9  of one hundred-thousand seventy dollars in life insurance proceeds upon Mr.
10 Rucker's death.
11      11.  In February of 2017, Michael Rucker was no longer able to work due to
12 his disabling conditions.
13      12.  He applied for and received disability benefits under CBRE's disability
14 Plan through the date of his death. CBRE's group disability Plan is also insured and
15 administered by LINA.
16      13.  Pursuant to the Life Plan's continuation provision for Leave of
17 Absence, LINA continued Mr. Rucker's life insurance coverage under the Life Plan
18 for nine months following his last date of work, through November 23, 2017.

   B.   **The Life Plan's Conversion option.**

      14.  The Life Plan offers a plan participant the right to convert or port his
benefits upon the termination of coverage. Specifically, the Life Plan's "Conversion
Privilege" provision states:

> *"**Conversion Privilege for Life Insurance**
> Each Insured may convert all or any portion of his or her Life Insurance that would end under the Policy due to:*
> *1.   termination of employment;*
> *2.   termination of membership in an eligible class under the Policy;*
> *3.   termination of the Policy."*

[Policy FLX980247, p. 17]

15. Regarding the period to convert a plan participant's benefits, the Life Plan states:

> "***Extension of Conversion Period***
> *If an Insured is eligible for conversion insurance and is not notified of this right at least 15 days prior to the end of the 31-day conversion period, the conversion period will be extended. The Insured will have 15 days from the date notice is given to apply for conversion insurance. In no event will the conversion period be extended beyond 90 days. **Notice, for the purpose of this section, means written notice presented to the Insured by the Employer or mailed to the Insured's last known address as reported by the Employer**.*"

[Policy FLX980247; pages 17-18][emphasis added].

16. According to the terms of the Life Plan, once the nine-month continuation period for Leave of Absence ended on November 23, 2017, Mr. Rucker should have been notified of his right to convert or port his coverage under the Life Plan.

17. According to terms of the Life Plan, Mr. Rucker had 62 days to convert or port his coverage from the date that coverage terminated on November 23, 2017.

18. Per the terms of the Life Plan, where Mr. Rucker was not provided notice of his right to convert or port his coverage prior to the end of the 62-day conversion period, he had a maximum of 105 days from November 23, 2017 to convert or port his coverage, which expired March 8, 2018.

19. The Life Plan defines "notice" as "written notice presented to the Insured by the Employer or mailed to the Insured's last known address as reported by the Employer."

20. Neither CBRE nor LINA provided notice to Mr. Rucker that his coverage was terminating, nor that he had the option to port or convert his basic and supplemental life policies upon termination of his coverage.

**C.    Plaintiff's Claim for benefits following Mr. Rucker's Death.**

21. Mr. Rucker passed away on October 22, 2018.

22. Following his death, in December of 2018, Plaintiff filed claims for both Basic and Supplemental life insurance benefits under the Life Plan.

23. In a letter to the Plaintiff from LINA dated January 25, 2019, LINA denied Mrs. Rucker's claims, alleging that Mr. Rucker's coverage had expired on November 23, 2017, and that he had failed to convert or port his benefits.

### D.   Plaintiff's Appeal.

24. With the help of former counsel Matthew Clark, Plaintiff submitted a Notice of Appeal to LINA on February 21, 2019, requesting a copy of Mr. Rucker's claim file, and an extension of time of 120 days to obtain and gather information from CBRE in support of and as a supplement to Mrs. Rucker's appeal for life insurance benefits.

25. That same day, Plaintiff and Mr. Clark also sent a certified letter to CBRE, asking CBRE to provide the following documentary evidence: (1) proof that Mr. Rucker was notified of his right to convert the Group Policy to an individual policy; (2) any evidence that Mr. Rucker waived any such conversion and failed to convert; (3) proof that he did indeed so convert. According to the certified mailing receipt, CBRE received this letter on February 27, 2019.

26. In a letter dated March 18, 2019, LINA responded to Mr. Clark by providing the claim file and approving the appeal extension through June 21, 2019.

27. LINA represented to Mr. Clark that the claim file provided by LINA was the entire claim file pertaining to Mr. Rucker's claim.

28. CBRE never responded to Mr. Clark's letter seeking documentary evidence that Mr. Rucker was notified of his right to convert the Group Policy to an individual policy; any evidence that Mr. Rucker waived any such conversion and failed to convert; or any proof that he did indeed so convert.

29. In May of 2019, Plaintiff retained undersigned counsel Talia Ravis to assist in the appeal of LINA's claim denial.

30. In a letter dated June 20, 2019, with the help of Ms. Ravis, Plaintiff filed a supplement to her appeal.

31. In her appeal supplement, Plaintiff pointed out that LINA and the Life Plan had failed to provide Mr. Rucker with notice of his right to convert his benefits, and that LINA and the Life Plan had repeatedly ignored Plaintiff's requests for proof that Mr. Rucker was provided notice of his right to convert or port his benefits.

32. Plaintiff also pointed out that Defendants never notified Mr. Rucker that his coverage was ending, nor that he had the right to convert his group policy into an individual policy, and that due to Defendants' failure to notify, Mr. Rucker missed the conversion window altogether.

33. LINA and CBRE's failure to provide Mr. Rucker with the notice that his coverage was ending, and that he had a right to convert or port his benefits, ultimately robbed Mrs. Rucker of her life insurance proceeds at the time of Mr. Rucker's passing.

34. In a letter dated August 19, 2019, LINA upheld the denial of benefits, stating that it was CBRE's responsibility to notify LINA that Mr. Rucker's coverage was ending; that following a search, LINA confirmed that CBRE never notified LINA that Mr. Rucker's coverage ended; and that accordingly, LINA never sent the necessary portability/conversion materials to Mr. Rucker.

35. LINA's letter informed Plaintiff that she had filed all mandatory appeals and had the right to enforce her rights under ERISA.

36. At all times relevant, CBRE Services, Inc. was an ERISA fiduciary and owed Michael Rucker and his wife, as participant and beneficiary of the Plan, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. §1104(a).

# FIRST CLAIM FOR RELIEF
# FOR ERISA BENEFITS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B)).
### (Against LINA and The Life Plan only)

37. The foregoing paragraphs are hereby re-alleged, and are incorporated herein by reference.

38. The denial of Plaintiff's claim for life insurance benefits was improper, in that Michael Rucker, at all relevant times, satisfied the requirements to receive the disputed life insurance benefits.

39. Defendants LINA and CBRE failed in their obligations to take the necessary steps to ensure that (1) Michael Rucker was notified that his coverage was set to expire; (2) that he had the right to convert or port his coverage; and that (3) he was provided the documentation required to convert his coverage. At all times material hereto, Michael Rucker and Plaintiff performed all obligations on their part to be performed pursuant to the terms of the Life Plan.

40. As a result of Defendants' conduct and failures, Plaintiff has been denied the full value of the Life Plan insurance proceeds and has been damaged in the amount of unpaid life insurance proceeds of at least $170,000, plus pre- and post-judgment interest, the actual amount of which will be proven at trial.

41. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. §1132(a)(1)(B).

42. As further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

43. Following the denial of benefits under the Life Plan, effective August 19, 2019, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Life Plan.

## SECOND CLAIM FOR RELIEF UNDER ERISA
## (29 U.S.C. §1132(a))
### (Against all Defendants)

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Plaintiff is informed and believes that either CBRE, the Life Plan, and/or LINA mishandled the conversion process by failing to notify Mr. Rucker and the Plaintiff of Mr. Rucker's right and obligation to port or convert his coverage.

46. By failing to properly administer the Life Plan conversion process, failing to advise Mr. Rucker of the purported requirement that he convert or port his coverage, and failing to provide notice of his right to convert or port his coverage, Defendants breached the fiduciary duties they owed to Mr. and Mrs. Rucker.

47. Defendant LINA has been unjustly enriched to the extent it has realized profits on the monies it refuses to pay Plaintiff.

48. The denial of Plaintiff's claim for life insurance benefits was improper, in that Michael Rucker, at all relevant times, believed that he was enrolled in the Life Plan based on Defendants' own misrepresentations.

49. At all times relevant, Plaintiff and Mr. Rucker performed all obligations on their part to be performed pursuant to the terms of the Life Plan.

50. As a result of Defendants' conduct and failures, Plaintiff has been denied the full value of the life insurance proceeds and has been damaged in the amount of at least $170,000, plus pre- and post-judgment interest, the actual amount of which will be proved at trial.

51. Plaintiff is entitled to relief pursuant to 29 U.S.C. §1132(a).

52. As further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Diana Rucker, prays for relief against Defendants as follows:

1. Payment of Life Insurance benefits in the amount of $170,000, or such other amount as is shown at time of trial, or the equitable equivalent by way of finding of waiver, estoppel or surcharge;

2. Reformation of the Life Plan to the extent the Life Plan terms are unclear or to the extent the Life Plan must be modified in order to align with representation of Defendants or expectations of Plaintiff, so as to allow Plaintiff to realize benefits or their equitable equivalent under the Life Plan;

3. Separate and apart from the benefits under the Life Plan, Plaintiff seeks disgorgement of any profits Defendants may have realized by the wrongful retention of such benefits;

4. Enforcement of Plaintiff's rights under the terms of the Life Plan;

5. Pursuant to 29 U.S.C. §1132(g) payment of all costs and attorneys' fees incurred in pursuing this action;

6. For payment of pre-judgment and post-judgment interest as allowed for under ERISA;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7. For such other and further relief as this Court deems just and proper.

DATED: September 26, 2019   KANTOR & KANTOR, LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
DIANA RUCKER

LAW OFFICE OF TALIA RAVIS, PA

By: */s/ Talia B. Ravis*
Talia Ravis, MO Bar No. 58366
E-mail: talia@erisakc.com
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
Telephone: (816) 333-8955
Facsimile: (800) 694-3016

*Pro hac vice pending*

Attorneys for Plaintiff
DIANA RUCKER